IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE UNITED UNION OF ROOFERS AND WATERPROOFERS ALLIED WORKERS' LOCAL 112 MONEY PURCHASE PENSION PLAN, | ) ) ) ) ) ) | |
| | ) | NO. 07-3053 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CR PARTNERS, LTD, | ) ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

    Two damages disputes remain in this case.

    The Plan's summary judgment is granted regarding the delinquency amount and liquidated damages.

    The Court defers ruling on the issues of interest, costs, and attorney fees, pending further documentation.

In a prior order, this Court held that Capitol Roofing and CR Partners constituted a single employer. The Plan now moves for summary judgment on damages.

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Two issues are contested here.

The first dispute regards the amount of the deficiency in contributions and, by extension, the amount of liquidated damages (which is based upon the delinquency amount). An audit of Capitol Roofing revealed contribution deficiencies of $67,023.24. Agreeing with a number of CR Partners' challenges to this number, the Plan reduced the amount sought by $11,054.66, bringing the total to $55,968.58.

CR Partners, however, argues that a further reduction of $15,579.69 is necessary based on the inclusion of certain types of "shop" work.

Facially, the Collective Bargaining Agreement covers all shop work. Article IX, Section 1 defines "regular work day[s]" and "regular work week[s]" to include time "whether in a shop or on the job" and requires that "[a]ll labor performed during the hours specified herein . . . shall be recognized as regular time . . . ." Compl. Ex. A (CBA, Art. IX, § 1).

But a course of dealing can alter the terms of the CBA. *Matuszak v. Torrington Co.*, 927 F.2d 320, 324 (7th Cir. 1991). CR Partners argues that such an alteration occurred here. The evidentiary basis for this assertion derives wholly from a five-paragraph affidavit from Robert Sidener, a partner in CR Partners. He avers that:

> 4. Through a course of dealing between the Defendant and Plaintiffs of approximately 8 years, work "in a shop," as work covered by the Collective Bargaining Agreement, does not include the sweeping of floors or the performance of similar cleaning work or of other menial work.
>
> 5. Of the Plaintiffs' claimed damages of $55,968.58, such work not covered by the Collective Bargaining Agreement represents $15,579.69. After subtraction of this amount, the Defendant owes contributions of $40,388.89.

Sidener Aff ¶¶ 4-5.

The Plan objects, asserting that these bare allegations are insufficient

to defeat a summary judgment motion supported by an audit report. This Court agrees.

Granted, the affidavit of an employer can stave off summary judgment where material and disputed facts are alleged.[1] Thus, the Seventh Circuit reversed this Court for granting summary judgment against a company where the owner averred to the inaccuracy of the audit based on bonus payments, the use of non-union scale wages, and certain non-covered work. *Ill. Conference of Teamsters and Employers Welfare Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1366-67 (7th Cir. 1995).

This case, however, is more like *Laborers' Pension Fund v. RES Environmental Services, Inc.*, 377 F.3d 735, 738-39 (7th Cir. 2004). There, as here, the employer objected to a fund audit report by claiming that it included certain non-covered work. *Id.* For support, the employer, which had failed to keep accurate records, relied solely on an affidavit claiming

---

[1]Local Rule 7.1(D)(2)(b)(4) requires that any additional material facts be listed in a separate subsection. Though CR Partners attempts to raise new factual assertions, it fails to comply with this rule. Although the record in this case is far from voluminous, compliance with the rules is still mandatory.

that several identified employees had performed work not covered by the CBA. *Id.* The court, however, found that summary judgment was appropriately entered against the employer. First, the court found that, following a facially valid audit and evidence of deficient employer records, the employer was "'obliged to explain why its payments . . . [were] nevertheless proper.'" *Id.* at 739 (quoting *Chi. Dist. Council of Carpenters Pension Fund v. Reinke Insulation Co.*, 347 F.3d 262, 265 (7th Cir. 2003)). Second, the court found that the generalized and conclusory affidavit alleging non-covered work was insufficient. *Id.*

This case is indistinguishable. The audit report appears valid and CR Partners has provided no contemporaneous records to the contrary. Further, the Sidener affidavit provides no facts; it is just as generalized and conclusory as that presented in *RES*, giving no details of how Sidener arrived at the figure of $15,579.69[2] and providing no facts to explain the establishment of the alleged "course of dealing." *See RES Envtl. Servs.*, 377 F.3d at 739 ("'The object of [summary judgment] is not to replace

---

[2]Indeed, the *total* number of shop work related contributions sought by the Plan is only $1672.14, not anything close to $15,579.69.

5

conclusory allegations of a complaint or answer with conclusory allegations of an affidavit.'" (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990))). Rather, Sidener provides nothing but a legal conclusion divorced from supporting facts. The Court is under no obligation to defer to such "evidence." *Liberles v.Cook County*, 709 F.2d 1122, 1129 (7th Cir. 1983) (rejecting affidavit that "contains only hearsay and legal conclusions"); 10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2738 ("[C]onclusions of law . . . cannot be utilized on a summary judgment motion."). *See also Matuszak*, 927 F.3d at 324 (refusing to find material fact regarding "course of dealing" where affidavits "offer[ed] no example of an actual case when a worker was denied collectively bargained benefits . . ." and would have had a reason to complain).

Therefore, summary judgment is proper in favor of the Plan in the amount of $55,968.58. By extension, the liquidated damages of $5,596.86 (10% of the deficiency) are also proper.

The second dispute relates to interest (prime rate plus 2%), audit costs, and attorney's fees. CR Partners does not dispute the Plan's entitlement to these types of recovery, but it objects to the utter lack of documentation to support the figures submitted by the Plan. One would have expected this deficiency to be remedied in the Reply brief. Not so.

Nevertheless, since it is undisputed that some amount is owed in these categories, the Court will grant the Plan 10 days to provide specific supporting evidence. No attorney's fees will be permitted for time spent in this endeavor. CR Partners will then have 10 days to file any objections. Until then, this Court will abstain from entering judgment.

In sum, the Plan's motion for summary judgment [d/e 20] is GRANTED. The Plan is awarded damages of $55,968.58 (delinquent contributions), along with liquidated damages of $5,596.86. However, judgment will await the filing of additional documentation according to the schedule described above.

IT IS SO ORDERED.

ENTERED:                                June 29, 2009

FOR THE COURT:                          /s Judge Richard Mills
                                        United States District Judge